UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ROBERT PAUL SERVIN,        )
                           )
         Petitioner,       )      3:04-cv-621-RCJ-RAM
                           )
vs.                        )
                           )      **ORDER**
E.K. McDANIELS, *et al.*,  )
                           )
         Respondents.      )
_____)

This is an action on a petition for writ of habeas corpus by Robert Paul Servin, a Nevada prisoner represented by counsel. The matter comes before the Court with respect to its merits.

**I.    Procedural History**

Servin was convicted by a jury trial on charges of First Degree Murder with the Use of a Deadly Weapon and Robbery with the Use of a Deadly Weapon and was found eligible for the death penalty. (Exhibits 191 and 192).[1] Servin was sentenced to death on the murder charge and to two consecutive terms of 72 to 180 months on the robbery with the use of a deadly weapon charge. (Exhibit 213). A Judgment of Conviction was entered on March 29, 2000. (Exhibit 214).

Servin appealed and the Nevada Supreme Court upheld the conviction, but reversed the death penalty and imposed two consecutive life terms without the possibility of parole. (Exhibit 218). An Amended Judgment of Conviction was filed on January 23, 2002. (Exhibit 246).

---

[1] The exhibits referenced in this Order are found in the court's record at Docket #22-#25 and Docket #29-#36.

Servin then filed a state post-conviction petition. (Exhibit 247). The state district court denied the petition (Exhibit 264) and the Nevada Supreme Court affirmed, adopting the trial court's order as its own. (Exhibit 278). Remittitur issued on March 26, 2004.

Servin filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this court on October 25, 2004. (Docket #6). After appointment of counsel, an amended petition was filed on November 2, 2005. (Docket #21). Respondents moved to dismiss the amended petition as untimely. (Docket #26). By order filed August 2, 2006, this Court denied respondents' motion to dismiss and directed respondents to file an answer. (Docket #42). Respondents filed an answer on October 10, 2006. (Docket #45). Petitioner filed a reply on December 11, 2006. (Docket #49). The Court now deems this matter fully briefed and addresses the merits of the amended petition.

**II.     Federal Habeas Corpus Standards**

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), at 28 U.S.C. § 2254(d), provides the legal standard for the Court's consideration of this habeas petition:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone,* 535 U.S. 685, 693-694 (2002). A state court decision is contrary to clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254, "if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable

2

from a decision of [the Supreme Court] and nevertheless arrives at a result different from [the Supreme Court's] precedent." *Lockyer v. Andrade,* 538 U.S. 63, 73 (2003) (quoting *Williams v. Taylor,* 529 U.S. 362, 405-406 (2000) and citing *Bell v. Cone,* 535 U.S. 685, 694 (2002)).

A state court decision is an unreasonable application of clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254(d), "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Lockyer v. Andrade,* 538 U.S. at 75 (quoting *Williams*, 529 U.S. at 413). The "unreasonable application" clause requires the state court decision to be more than merely incorrect or erroneous; the state court's application of clearly established federal law must be objectively unreasonable. *Id.* (quoting *Williams*, 529 U.S. at 409).

In determining whether a state court decision is contrary to, or an unreasonable application of federal law, this Court looks to the state courts' last reasoned decision. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079 n.2 (9th Cir. 2000), *cert. denied*, 534 U.S. 944 (2001).

Moreover, "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

**III.   Discussion**

   **A. Ground One**

In Ground One of the amended petition, Servin claims:

> The trial court's erroneous refusal to determine the necessity of continuing to administer psycho tropic medicine to co-defendant, Brian Allen violated Servin's due process rights guaranteed by the Sixth and Fourteenth Amendments of the United States Constitution. The medication altered Allen's appearance at trial providing the jury with a false impression of Allen's demeanor, thus affecting the jury's ability to judge his credibility.

(Docket #21, at p. 4). At trial, Servin filed a motion to determine if Allen's medications were truly necessary. (Exhibits 87 and 111). At the hearing on the motion, Allen's counsel confirmed that he was

3

taking an unspecified medication prescribed by a physician. (Exhibit 124, at p. 35). The state district court denied Servin's motion. (*Id.* at 35).

The Nevada Supreme Court considered this claim, as follows:

> Servin contends that Allen's use of the anti-psychotic drug, Mellaril, altered his demeanor and made him appear calmer and more peaceful than usual thus effectively misleading the jury during his testimony. Allen's testimony was damaging to Servin; he was the only source naming Servin as the shooter of Fondy. The district court refused to grant Servin's request for an evidentiary hearing to determine whether the continued administration of anti-psychotic drugs to Allen was medically necessary; Servin sought to discover the precise dosages taken by Allen in order to present the information to the jury. Servin contends that the district court's inaction permitted the manipulation of evidence.

(Exhibit 240 at p. 8). The Nevada Supreme Court found that Servin's reliance on *Riggins v. Nevada,* 504 U.S. 127 (1992) was misplaced. The issue in *Riggins* involved the involuntary medication of a defendant and constitutional protections afforded a defendant who is forced to be medicated against his will. *Id.* at 130. The United States Supreme Court reversed and remanded the case because there was "a strong possibility that Riggins' defense was impaired to the administration of Mellaril." *Id.* at 137.

The Nevada Supreme Court explained the holding of *Riggins* and distinguished Servin's claim from it, as follows:

> Servin, in effect, asks this court to apply *Riggins* in an unprecedented manner. In a concurrence in *Riggins*, Justice Kennedy stated "When the State commands medication during the pretrial and trial phases of the case for the avowed purpose of changing the defendant's behavior, the concerns are much the same as if it were alleged that the prosecution had manipulated material evidence." [Fn 7: *Id.* at 139]. Yet in this case, Allen was not a defendant at trial and was not forcibly medicated. As the State points out, while the district court refused to investigate the matter for Servin, it did not preclude the defense from conducting its own investigation and presenting evidence at trial. Allen's counsel confirmed that Allen was prescribed and taking Mellaril on a voluntary basis. Therefore, just as this court stated in *Chapman v. State*, [footnote omitted] regarding the known existence of audiotapes, Servin could have subpoenaed the attending physician's records, assessed them, and proffered at trial any information that he considered relevant to his defense. We conclude that Servin's contention that the district court erred by allowing the manipulation of evidence is without support.

(Exhibit 240, at pp. 8-9).

4

The factual findings of the Nevada state courts are presumed correct. 28 U.S.C. § 2254(e)(1). Petitioner has failed to meet his burden of proving that the Nevada Supreme Court's decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that it was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. The Court will deny habeas relief with respect to Ground One.

**B. Ground Two**

In Ground Two, Servin claims: "The district court's reasonable doubt instruction improperly minimized the State's burden of proof thereby violating Servin's due process rights guaranteed by the Fifth, Sixth and Fourteenth Amendments to the United States Constitution. (Docket #21, at p. 7).

The Nevada Supreme Court addressed this claim, making the following findings and holding:

> Servin challenges the reasonable doubt instructions based on NRS 175.211 that were given at the guilt and penalty phases. Servin offered an alternate instruction on reasonable doubt that was rejected by the district court. He contends that the instruction given impermissibly reduced the State's burden of proof in violation of his due process rights.
>
> We conclude that the district court did not err in relying on the mandatory statutory instruction. [Fn9: See NRS 175.211(2)]. This Court has upheld the constitutionality of the instruction where, as here, the jury received additional instruction on the State's burden of proof and the presumption of innocence. [Fn10: *See Middleton v. State*, 114 Nev. 1089, 1111-12, 968 P.2d 296, 311 (1998); *Bollinger v. State*, 111 Nev. 1110, 1115, 901 P.2d 671, 674 (1995)].

(Exhibit 240, at pp. 9-10). The Ninth Circuit has upheld Nevada's statutory "reasonable doubt" jury instruction. *Nevius v. McDaniel*, 218 F.3d 940, 944 (9th Cir. 2000), citing *Ramirez v. Hatcher*, 136 F.3d 1209, 1215 (9th Cir. 1998). The factual findings of the Nevada state courts are presumed correct. 28 U.S.C. § 2254(e)(1). Petitioner has failed to meet his burden of proving that the Nevada Supreme Court's decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that it was based on an unreasonable

5

determination of the facts in light of the evidence presented in the state court proceeding. The Court will deny habeas relief with respect to Ground Two.

**C. Ground Three**

In Ground Three, petitioner claims: "Servin is in custody in violation of the right to effective assistance of trial counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution. (Docket #21, at p. 8). Servin raises three claims of ineffective assistance of counsel: (1) trial counsel was ineffective regarding the evidence of co-defendant Allen's medication; (2) trial counsel was ineffective regarding the testimony of Damian Winkleman; and (3) trial counsel was ineffective regarding the closing argument. (Docket #21, at 9-12).

Ineffective assistance of counsel claims are governed by the two-part test announced in *Strickland v. Washington,* 466 U.S. 668 (1984). In *Strickland*, the Supreme Court held that a petitioner claiming ineffective assistance of counsel has the burden of demonstrating that (1) the attorney made errors so serious that he or she was not functioning as the "counsel" guaranteed by the Sixth Amendment, and (2) that the deficient performance prejudiced the defense. *Williams v. Taylor,* 529 U.S. 362, 390-391 (2000) (citing *Strickland,* 466 U.S. at 687). To establish ineffectiveness, the defendant must show that counsel's representation fell below an objective standard of reasonableness. *Id.* To establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* A reasonable probability is "probability sufficient to undermine confidence in the outcome." *Id.* Additionally, any review of the attorney's performance must be "highly deferential" and must adopt counsel's perspective at the time of the challenged conduct, in order to avoid the distorting effects of hindsight. *Strickland,* 466 U.S. at 689. It is the petitioner's burden to overcome the presumption that counsel's actions might be considered sound trial strategy. *Id.*

Ineffective assistance of counsel under *Strickland* requires a showing of deficient performance of counsel resulting in prejudice, "with performance being measured against an 'objective standard of reasonableness,'. . . 'under prevailing professional norms.'" *Rompilla v. Beard,* 545 U.S.

374, 380 (2005) (quotations omitted). If the state court has already rejected an ineffective assistance claim, a federal habeas court may only grant relief if that decision was contrary to, or an unreasonable application of the *Strickland* standard. *See Yarborough v. Gentry,* 540 U.S. 1, 5 (2003). There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.*

### 1. Trial Counsel and Evidence of Allen's Medication

In Ground Three(A) of the amended petition, Servin claims: "Trial counsel failed to present evidence of co-defendant Allen's anti-psychotic medication." (Docket #21, at p. 9). Specifically, Servin alleges that counsel was ineffective by failing to present evidence to the court regarding the change in Allen's demeanor due to the use of the drug Mellaril and failed to hire an expert to testify as to the mood-altering affects of Mellaril.

At the evidentiary hearing on Servin's state habeas petition, Servin's trial counsel testified that she did not present evidence of Allen's medicated state to the jury because she was unable to obtain the information. (Exhibit 263, at p. 11). Trial counsel also testified that she considered attempting to subpoena Allen's medical records, but she did not do so because she anticipated an opposition that the records were privileged. (*Id.*).

In ruling on Servin's state habeas petition, the state district court denied the claim that counsel was ineffective for failing to gather and present evidence to show that medication altered Allen's demeanor. The state district court noted "the lack of any substantial evidence supporting the conclusion that the medication greatly altered Allen's demeanor in a significant way." (Exhibit 264, at pp. 5-6). The state district court found that "the theory that the jury might have believed that Allen was the shooter if only he hadn't appeared so docile is just too tenuous. Reasonable counsel would not have devoted any resources to trying to advance that theory." (*Id.*). The district court also concluded that "even if Servin had proved that Allen's demeanor was altered, and that he was more aggressive when not medicated, and persuaded the jury that his aggressive demeanor should lead to the conclusion that Allen was the shooter, the outcome of this trial would not have changed." (*Id.* at 5-6). The Nevada Supreme Court

adopted the state district court's order as its own. (Exhibit 278). The state district court's order is therefore the last reasoned opinion. *Ylst v. Nunnemaker*, 501 U.S. 797, 805 (1991).

The factual findings of the Nevada state courts are presumed correct. 28 U.S.C. § 2254(e)(1). The state district court applied the correct federal constitutional standard for the ineffective assistance of counsel claim. Petitioner has failed to meet his burden of proving that the decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that it was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. The Court will deny habeas relief with respect to Ground Three(A).

**2. Trial Counsel and Testimony of Damian Winkleman**

In Ground Three (B), petitioner claims: "Trial counsel failed to present the testimony of Damian Winkleman." (Docket #21, at p. 10). On January 19, 1999, the State filed a "Notice of Defendant Statements and Potentially Exculpatory Information." (Exhibit 94). In the notice, the State provided the following:

> Mr. Damon Winkleman saw Brian Lee Allen was acting like he was "tripping out on crank" and he heard him say: "Don't tell anyone, that's my life. I shot the bitch twice in the head and once in the chest, by that time, her eyes rolled back into her head." Further, "They went there because she had $35,000 in the safe and all she had was a 1/4 ounce and $80.00." Winkleman has no information about a firearm or ammunition used. Law enforcement took his footwear.

(Exhibit 94, at p. 2).

On December 2, 1999, Servin moved for a new trial based on newly discovered evidence – Allen's inclupatory statements to Winkleman allegedly discovered three days before the sentencing hearing. After holding an evidentiary hearing, continued evidentiary hearing, and considering affidavits concerning Winkleman, the state district court issued a written order on March 14, 2000, denying the motion for a new trial. (Exhibit 211). The district court found and held that "the evidence which is the subject of defendant Servin's motion for a new trial is not 'newly discovered evidence' within the

8

meaning of NRS 176.515 and that witness (Damien Winkleman) is not so important that a different result would be reasonably probable.  (*Id.* at 1).

At the evidentiary hearing on Servin's state habeas petition, Servin's trial counsel testified about her decision not to call Winkleman. (Exhibit 263).  Counsel testified that she did not speak with Winkleman prior to the trial, as Winkleman's counsel had refused to allow his client to be interviewed, and for that reason among others, she did not present him as a witness at trial. (*Id.* at 15).  Counsel testified that the information provided to her about Winkleman's statement was brief and contained no information concerning Winkleman's current legal situation. (*Id.* at 6).  Counsel testified that following trial, and as a result of her motion for a new trial, she received investigators' notes that indicated that Winkleman did not believe Allen's statements because Winkleman thought that Allen was under the influence of drugs and may have been bragging.  (*Id.* at 17).

Counsel's refusal to subpoena a witness whom she had no opportunity to interview, no written statement to consider, and for whom she had only a brief summary of a statement he had given to the police did not amount to ineffective assistance of counsel.  As measured by an objective standard reasonableness, counsel did not perform deficiently, thus petitioner has not met the first prong of *Strickland*.  Moreover, in reviewing petitioner's claim on his state habeas petition, the state district court made the finding and holding that: "the decision not to present the testimony of Winkleman[2] at trial was a legitimate tactical decision." (Exhibit 264, at p. 3).  The district court further found that "Ms. Pusich [defense counsel] testified credibly at the habeas corpus hearing that she made a considered decision that the risk of presenting Winkleman's testimony to the jury, without an opportunity to preview that testimony, was just too great." (*Id.*).

The state district court went on to note that the "proposed testimony was not clearly exculpatory.  The evidence might support (but would not establish) the theory that Allen was himself the shooter, but the court notes that Servin was charged with a felony-murder theory.  The identity of the

---

[2] Although the name of this witness appears in the record as Winkleman and Winkelman, both spellings refer to the same individual.

9

shooter would not affect the decision of a properly instructed jury." "[E]ven a devastating impeachment of Allen would not serve to negate the other evidence demonstrating that Servin was indeed liable under a felony-murder theory." (Exhibit 264, at p. 3-5). Thus, the state district court concluded that it was "unpersuaded that counsel was ineffective, or that Servin was prejudiced by the decision not to call Winkelman as a witness." (*Id.* at 5). The Nevada Supreme Court adopted the state district court's order as its own. (Exhibit 278). The state district court's order is therefore the last reasoned opinion. *Ylst v. Nunnemaker*, 501 U.S. 797, 805 (1991).

The factual findings of the Nevada state courts are presumed correct. 28 U.S.C. § 2254(e)(1). The state district court applied the correct federal constitutional standard for the ineffective assistance of counsel claim. Petitioner has failed to meet his burden of proving that the decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that it was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. The Court will deny habeas relief with respect to Ground Three(B).

### 3. Trial Counsel's Closing Argument

In Ground Three ( C ) of the amended petition, Servin claims: "Trial counsel failed to point out witnesses' inconsistencies in closing argument." (Docket #21, at p. 12). Servin alleges that the testimony of Joana Diaz was inconsistent with other witnesses, specifically, Ema Hernandez, regarding who had the gun, who hit the victim in the head, and who was bragging about the murder. Servin alleges that counsel was ineffective for not pointing out these discrepancies in her closing argument.

In ruling on this claim, the state district court found and held:

> Finally, Servin seems to contend that the outcome would have been different if only trial counsel had used the closing argument to point out the various inconsistencies in the trial testimony of Joana Diaz. When a lawyer seeks to impeach a witness by showing inconsistent statements, the lawyer has to decide how to exploit those inconsistencies. Reasonable lawyers might well believe that the jury could have been left with a negative impression of a witness, and that to explore the basis for that negative impression in any detail might well result in jurors realizing

10

> that the impression was unwarranted. On the other hand, some lawyers might feel that it is best to re-hash every little bit of evidence presented during the trial. This court finds that the question of how to structure a closing argument is by nature a strategic decision that is virtually unassailable absent extraordinary circumstances. This court also finds that review of such a decision would require the court to employ a subjective standard rather than the appropriate objective standard. Finally, the court finds that there is no reason to believe that the jury would have returned a different verdict if only counsel had argued this case in any certain way. This court observed the trial and finds that Servin was ably represented by the office of the Public Defender. Mazie Pusich and Cotter Conway both did an outstanding job. They did the best they could with what they had to work with.

(Exhibit 264, at p. 6-7). The Nevada Supreme Court adopted the state district court's order as its own. (Exhibit 278). The state district court's order is therefore the last reasoned opinion. *Ylst v. Nunnemaker*, 501 U.S. 797, 805 (1991).

The factual findings of the Nevada state courts are presumed correct. 28 U.S.C. § 2254(e)(1). The state district court applied the correct federal constitutional standard for the ineffective assistance of counsel claim. Petitioner has failed to meet his burden of proving that the decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that it was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. The Court will deny habeas relief with respect to Ground Three ( C ).

## IV.    Certificate of Appealability

In order to proceed with his appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among

jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.*

This Court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that none meet that standard. The Court will therefore deny petitioner a certificate of appealability.

**V.  Conclusion**

**IT IS THEREFORE ORDERED** that the petition for a writ of habeas is **DENIED IN ITS ENTIRETY.**

**IT IS FURTHER ORDERED** that the Clerk **SHALL ENTER JUDGMENT ACCORDINGLY.**

**IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF APPEALABILITY.**

DATED: March 27, 2008

_____
UNITED STATES DISTRICT JUDGE

(ec)